IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID REYNA MARTINEZ, #01294730 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv342 |
| CHARLES O. MEADORS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff David Reyna Martinez, a prisoner confined in the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The lawsuit was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History and Factual Background.

Martinez filed his original complaint on June 18, 2020.[1] He asserts that his constitutional rights were violated when he was not allowed to attend a Unit Classification Committee Review hearing and present mitigating evidence to counter a false claim against him. He sued Assistant Warden Charles O. Meadors, Major Guillermo M. Delarosa, Sgt. Maricela Rendon, Classification Case Manager Debbi L. Poole, and Unknown Marshall for denial of due process and equal protection of the law.

---

[1] Under the "prison mailbox rule," a *pro se* prisoner's pleading is deemed to have been filed on the date that the prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). Although the Clerk of the Court filed Martinez's Original Complaint on June 22, 2020, a review of his Original Complaint shows that the complaint was signed and dated on June 18, 2020. The Court assumes the complaint was placed in the prison mail system on June 18, 2020, the date on which Martinez signed the complaint.

1

He filed a First Amended Complaint on July 6, 2020. (Dkt. #6). In his First Amended Complaint, Martinez sought to replace Major Delarosa with Major Marshall; however, he did not file a complete complaint. The Court directed Martinez to file an amended complaint. (Dkt. #10). On September 18, 2020, he filed a Second Amended Complaint. (Dkt. #28). An amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). As a result, the amended complaint will be the governing complaint in this case.

In his second amended complaint, Martinez alleges he was denied due process and equal protection of the law when the Defendants conspired to conduct a Unit Classification Committee ("UCC") Review hearing outside of his presence and without permitting him the opportunity to present mitigating evidence to the false claims brought by Sgt. Rendon. As a result, he asserts that he was denied a promotion in "line" and "class" for over 20 months, which in turn, denied him the opportunity to promote in time earning class and custody level. Martinez also complains that he was denied the opportunity to be reviewed for parole because of his custody level and reduced time earning class. He asserts claims under the Fifth, Eighth, and Fourteenth Amendments.

Martinez is bringing a Fifth Amendment challenge against Sgt. Rendon only. He maintains that Sgt. Rendon fabricated the report—which resulted in the reduction of custody level and time earning class—but also sat on the committee and voted—depriving him of a fair hearing and due process guarantees by the Fifth, Eighth, and Fourteenth Amendments. He seeks unspecified compensatory and punitive damages. He further seeks legal fees and a declaratory judgment that his rights were violated.

Preliminary Screening.

Martinez is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

Discussion and Analysis.

1. Fifth Amendment Claim

Martinez maintains that Sgt. Rendon violated Martinez's Fifth Amendment rights by being the charging officer of the allegations or disciplinary claims against Martinez and who also sat on the UCC Review hearing as a voting member. The Court notes that Martinez does not assert that Sgt. Rendon was the disciplinary hearing officer for the underlying charges. Martinez's claim under the Fifth Amendment fails because he sues only a state actor—Sgt. Rendon, a correctional

officer with the Correctional Institutional Division of the Texas Department of Criminal Justice ("TDCJ"). The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor. *Jones v. City of Jackson,* 203 F.3d 875, 880 (5th Cir. 2000) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) (holding that the Fifth Amendment applies only to the actions of the federal government)). Martinez has not alleged that Sgt. Rendon was acting under the authority of the federal government. Because the Fifth Amendment does not apply to state actors, Martinez has failed to state a viable constitutional violation and lacks an arguable basis in law. His Fifth Amendment claim should be dismissed with prejudice.

2. False Charges

Martinez complains that Sgt. Rendon fabricated the reports which resulted in his initial reduction of custody level and time earning class. He further asserts that the same false charges or fabricated report was used to delay his UCC Review hearing for 20 months, and then used at the classification review hearing to deny him a promotion in custody level and time earning class. Martinez fails to state a claim that rises to the level of a constitutional claim.

There "is no freestanding constitutional right" to be free from false charges. *Castellano v. Fragozo,* 352 F.3d 939, 945 (5th Cir. 2003); *Palmisano v. Bureau of Prisons,* 258 F. App' x 646, 2007 WL 4372800 (5th Cir. Dec. 11, 2007) (stating that the assertion that the defendants brought false charges against him does not alone implicate his constitutional rights) (citing *Castellano,* 352 F.3d at 953–54)). Similarly, an inmate does not have a right to have false information removed from his prison record. *Johnson v. Rodriquez*, 110 F.3d 299, 308-09 (5th Cir. 1997). Likewise, the Fifth Circuit has repeatedly held that placement in administrative segregation based on allegedly false information does not constitute a deprivation of a constitutionally cognizable liberty interest.

*Velasquez v. Woods,* 329 F.3d 420, 421–22 (5th Cir. 2003); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (holding that prisoner's placement in administrative segregation, due to allegedly false information in his file indicating that he was a member of a prison gang, did not constitute a deprivation of a constitutionally cognizable liberty interest); *Tamez v. Buentello*, 80 F. App'x 933, 934 (2003). The mere fact that charges supporting the reduction in line and class were false does not rise to the level of a constitutional claim.

The Fifth Circuit also has explained that there is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations. *Grant v. Thomas,* 37 F.3d 632, 1994 WL 558835 (5th Cir. Sep. 23, 1994) (unpublished), *citing Collins v. King,* 743 F.3d 248, 253–54 (5th Cir. 1984). Here, Martinez does not complain that he was denied the opportunity to grieve the charges that were brought against him.

Martinez has not demonstrated that the reduction of his time earning class and custody level implicated any constitutionally protected liberty interests. Due to the absence of a protected liberty interest, Martinez has failed to state a viable constitutional violation and lacks an arguable basis in law. This claim should be dismissed with prejudice.

3. <u>Attendance at the UCC Review Hearing</u>

Martinez asserts that he was not allowed to attend the classification review hearing, at which he suffered a reduction in custodial status and time earning class. He does not have any constitutionally protected liberty interest in his custodial classification. *Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir. 1992). A change in an inmate's classification level is not an atypical or significant hardship warranting constitutional protection. *Wilkerson v. Stalder*, 329 F.3d 431,

5

435−36 (5th Cir. 2003) (noting that "[t]his circuit has continued to hold post-*Sandin*, that an inmate has no protectable liberty interest in his classification") (citing *Sandin v. Conner*, 515 U.S. 472, 484–85 (1995)). The classification of prisoners falls well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250−51 (5th Cir. 1990) (citations omitted). Martinez clearly does not have a "constitutionally protected interest in either a custodial classification or the possibility of earning good-time credits." *Thomas v. Jordan*, No. 07-60071, 2008 WL 4649095, at *1 (5th Cir. Oct. 21, 2008) (citing *Neals v. Norwood*, 59 F. 3d 520, 533 (5th Cir. 1995)). A reduction in Martinez's classification level or loss of the ability to earn sentence credits associated with a specific classification level does not implicate due process protections.

As a result, the reduction in custody level and time earning class did not impose an atypical or significant hardship upon him in relation to the ordinary incidents of prison life. *Randle v. Woods,* 299 F. App'x 466, 2008 WL 4933754 (5th Cir. Nov. 19, 2008) (rejecting retaliation claim involving a unit classification committee hearing which he was not allowed to attend and in which his custodial classification was changed; the Fifth Circuit stated that "Randle's final claim fails as a change in line class status [i.e. custodial classification] does not implicate a cognizable constitutional liberty interest," citing *Luken,* 71 F.3d at 193; *see also, Aguirre v. Owens,* Civil Action No. 6:08cv306, 2010 WL 3239292 (E.D. Tex. Aug. 16, 2010, no appeal taken) (rejecting claim that inmate was not allowed to attend classification hearing because inmate had no liberty interest in his custodial classification, citing *Sandin*, 515 U.S. at 484-85). Since Martinez does not have a constitutionally protected right to a specific classification level or certain privileges while

in prison, Defendants did not violate his due process rights. This claim should be dismissed with prejudice.

4. <u>Impact on Possibility of Parole</u>

Martinez also complains that the committee's decision to not promote him in custody level and time earning class affected his eligibility for parole. He still has not stated a claim that invokes due process. While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the plaintiff] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied,* 516 U.S. 1059 (1996). Therefore, to whatever extent the UCC's decision affected Martinez's eligibility for parole, his due process rights have not been violated. He has failed to state a cognizable claim. *See Madison,* 104 F.3d at 767; *Sandin,* 515 U.S. at 483–484.

5. <u>Conspiracy</u>

He further asserts that the Defendants conspired to deny to him the opportunity to attend the UCC Review hearing and to present mitigating evidence. To prove a conspiracy, plaintiff must prove an actual deprivation of a constitutional right. *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984); *see also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). Mere conclusory allegations of conspiracy, absent reference to material facts, do not state

a cause of action under 42 U.S.C. § 1983. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (*en banc*). As noted previously, Martinez has not established a violation of his due process rights. His conspiracy claim fails because he has not shown an actual violation of a constitutional right.

Additionally, all of the Defendants are from a single entity – the Texas Department of Criminal Justice (TDCJ). As such, a conspiracy claim against them is barred by the intra-corporate conspiracy doctrine. *Reynosa v. Wood*, 134 F.3d 369 (5th Cir. 1997). Where all defendants are members of the same collective entity, it is construed that the conspiracy does not involve two or more people. *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). In this case, all Defendants named in the conspiracy are employees of TDCJ. Thus, they constitute a single entity, which is incapable of conspiring with itself. Even when the defendants are sued in their individual capacities, as in this case, the premise is still true. *Collins v. Bauer*, 2012 WL 443010 (N.D. Tex. January 23, 2012). Even if Defendants were not from the same entity, Martinez's claim still fails. He provides nothing to substantiate his claim of conspiracy other than his bare assertion that one existed. Accordingly, Martinez's conspiracy claim fails to state a claim upon which relief can be granted. His claim is meritless and should be dismissed with prejudice.

6. Conclusion

As explained above, Martinez failed to state a claim upon which relief may be granted under the Fifth, Eighth, and Fourteenth Amendment. Martinez's claims lack any arguable basis in law and fails to state a claim for which relief may be granted. His complaint is therefore frivolous and should be dismissed under 28 U.S.C. § 1915A The Court recommends that Martinez's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Recommendation

It is recommended that Plaintiff Martinez's complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 12th day of January, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE